UNITED STATES of America, Plaintiff,

v.

Jose L. PADRO and Orlando Sanchez, Defendants.

Crim. A. No. 80–56.

United States District Court, D. Delaware.

Feb. 3, 1981.

James W. Garvin, Jr., U. S. Atty. and Theopalis K. Gregory, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Paul Lukoff, Wilmington, Del., for defendant Padro.

Aida Waserstein of Bader, Dorsey & Kreshtool, Wilmington, Del., for defendant Sanchez.

## OPINION

STEEL, Senior District Judge:

The defendant Sanchez has moved that the charges against him be dismissed under the Speedy Trial Act upon the ground that the indictment filed against him was not filed within thirty days from the date of his arrest as required by 18 U.S.C. § 3161(b).

The following are the relevant facts.

On October 15 and 16, 1980, Licona, a special agent of the United States Bureau of Alcohol, Tobacco and Firearms (hereinafter "ATF") met with the defendant Sanchez to arrange for the purchase of firearms. On October 17, 1980, federal search warrants for 504 Harrison Street, Wilmington, Delaware, and a 1972 Ford Galaxie utilized by Sanchez, were issued to the ATF. The warrants were executed at approximately 3:45 p. m. by agents of the ATF who were assisted by officers of the Wilmington Bureau of Police.[1] Upon searching the house and the automobile, the agents of the ATF discovered firearms.

At about 4:45 p. m., ATF agents arrested Sanchez and transported him to the ATF office in the Federal Building at Wilming-

---

1. On October 16, 1980, Sanchez had been indicted in the state court of Delaware on a narcotics charge. Capiases for Sanchez' arrest had also been issued to police officers by the Municipal Court of Wilmington for unrelated earlier incidents, a fact which was known to the federal agents.

ton, where he was fingerprinted, photographed and interviewed. The interview was terminated at approximately 7:15 p. m. and a special agent of the ATF released Sanchez to Officer Larry Davis of the Wilmington Bureau of Police pursuant to the outstanding Municipal Court arrest warrants. Since then, except for the time of arraignment in this case, Sanchez has never been in the custody of any federal authority.

On November 25, 1980, thirty-eight days after his arrest, Sanchez was indicted by a federal grand jury for violation of Title 18 U.S.C. §§ 922(a)(1), 924(a), 371 and 2—the same statutory sections which were cited in the two federal search warrants.

18 U.S.C. § 3161(b) of the Speedy Trial Act provides:

"Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

In the instant case there was no reason to extend the thirty-day period for the filing of the indictment. Grand juries in this district had been impaneled on October 23, 1980, October 24, 1980, November 3, 1980 and on November 13, 1980.

The motion of the defendant rests upon the premise that section 3161(b) requires in every instance when a person is arrested and later indicted that the indictment be filed within thirty days of the arrest. The Speedy Trial Act, however, does not require this. Section 3161(b) is applicable only if the arrested defendant has been charged with an offense. This is made clear by 18 U.S.C. § 3161(a) which reads:

"(a) In any case _involving a defendant charged with an offense_, the appropriate judicial officer, at the earliest practicable time, shall . . . set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar . . . so as to assure a speedy trial." [2]

18 U.S.C. § 3162(a)(1) corroborates the conclusion that section 3161(b) is only applicable to a defendant who has been charged with an offense. 18 U.S.C. § 3162(a)(1) reads:

"(a)(1) If, in the case of _any individual against whom a complaint is filed charging such individual with an offense_, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, _such charge against that individual contained in such complaint shall be dismissed or otherwise dropped._" [3]

█ The defendant is not a person entitled to claim rights under section 3161(b) because he had not been previously charged with the offense for which he was indicted. Only if a complaint had been filed against the defendant with a magistrate or other judicial officer who had found probable cause that the defendant had committed the crime would he have been charged with the crime.

Law enforcement officers frequently make arrests upon the basis of their non-judicial opinion that a defendant has committed a crime. The Speedy Trial Act, however, makes it clear that an arrest which is based upon the mere opinion of an enforcement officer is not sufficient to bring the Speedy Trial Act's arrest-indictment interval into play. It is only when a charge is leveled against a defendant based upon a finding of probable cause by a judicial officer that the time limitation of section 3161(b) is relevant.

This is the only interpretation of section 3161(b) consistent with congressional con-

---

2. All underscoring is supplied.

3. The Federal Rules of Criminal Procedure provide for complaints in two instances: before an

arrest warrant can be issued, Rule 4(a), and prior to a preliminary hearing on probable cause when an arrest has been made without a warrant, Rule 5(a).

cerns in drafting the Act. Rather than referring to rights of all individuals placed under arrest by federal agents, the House Report spoke of rights of those persons accused of federal offenses, and of the benefits to society of efficient judicial processing of those accused. House Report No. 93–1508, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7401, 7407–09.

"A defendant who is charged with a violation of the law becomes a burden to society in the sense that his status consumes the time and energy of all components of the criminal justice system with which he comes in contact: the police, magistrate, clerks of court, probation officers, judges and others." *Id.* at 7408–09.

House of Representative members similarly focused on the charging of an individual with a federal offense.

"One of the very troublesome situations that occurs in this country is that criminal defendants remain out on bail or incarcerated in jail for long periods of time *after having been charged with an offense* but without a trial to determine their guilt." 120 Cong.Rec. 41779 (Dec. 20, 1974) (statement of Rep. Sarbanes).

"When a criminal trial is delayed, justice is denied to the individual *who is charged with having committed the offense* because of the impact of the allegation upon his job if he is employed, his family and his future." *Id.* at 41774 (statement of Rep. Cohen).

"[D]efendants who are released prior to trial under the Bail Reform Act . . ., it has been found, are responsible for over half of all serious crimes committed, largely because substantial delay before trial and restrictive conditions upon their release which dim prospects for continued employment force some such *accused* persons to turn to crime for support." *Id.* at 41773 (statement of Rep. Conyers).

The plans of various circuits and districts likewise read into the Act the necessity of a complaint being filed before the arrest-indictment thirty-day period becomes applicable. Under this District's Plan, "[i]f an individual is arrested or served with a summons *and the complaint charges an offense to be prosecuted in this District,* any indictment or information subsequently filed in connection with such charge shall be filed within 30 days of arrest or service." United States District Court, District of Delaware, Time Limits and Procedures for Achieving Prompt Disposition of Criminal Cases ¶ 3(a). The District of Columbia Local Plan interpreted the Act similarly. *See United States v. Dixon,* 446 F.Supp. 58, 61 (D.D.C.1978).

█ The consistency of the terms of the Speedy Trial Act and the congressional concerns which gave rise to the Act find support in the Sixth Amendment, upon which the Act is predicated.[4] The right of an "accused" to have a speedy trial is a constitutional right. The Sixth Amendment provides:

"In all criminal prosecutions, the *accused* shall enjoy the right to a speedy and public trial, . . ."

In *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971), the Court said:

"On its face, the protection of the Amendment is *activated only when a criminal prosecution has begun* and extends only to those persons who have been 'accused' in the course of that prosecution. . . . The Amendment would appear to guarantee to a criminal defendant that the Government will move with the dispatch that is appropriate to assure him an early and proper *disposition of the charges against him.*"

In the instant case, since no complaint was filed against the defendant, no criminal prosecution against him had begun, and he had not been accused prior to the indictment. Consequently, he was not entitled to

---

**4.** House Report No. 93–1508, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Ad.News 7401, 7404–05; *see also Barker v.*

*Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972).

speedy trial protection under the Sixth Amendment or under the Speedy Trial Act.

The defendant argues that the failure of the federal officers promptly to take the defendant before a judicial officer after his arrest violated Rule 5(a) and hence provides no justification for the Government's delay in filing the indictment within the thirty days required by section 3161(b). The Sixth Amendment, however, does not require the Government to initiate any accusatory action against the defendant within any particular period of time, *United States v. Marion, supra,* 404 U.S. at 313, 92 S.Ct. at 459, nor does the Speedy Trial Act do so.

The motion of the defendant to dismiss the charges against defendant Sanchez is denied.