**UNITED STATES of America, Plaintiff,**

v.

**Ruben CEPEDA–LUNA, Defendant.**

**Crim. No. 91–367–MA.**

United States District Court,
D. Oregon.

Nov. 25, 1991.

Charles Turner, U.S. Atty., Johnathan Haub, Asst. U.S. Atty., Portland, Or., for U.S.

Linda Friedman Ramirez, Portland, Or., for defendant.

## OPINION

MARSH, District Judge.

On October 18, 1991, defendant was charged in a single count indictment with illegal reentry in violation of 8 U.S.C. § 1326. Defendant now moves to dismiss the indictment on the following two grounds:

(1) defendant contends that he was arrested on July 12, 1991, and thus, was not indicted within 30 days as required by the Speedy Trial Act, 18 U.S.C. § 3161(b); and

(2) defendant was not brought before a magistrate until three months after service of the arrest warrant in violation of Fed. R.Crim.P. 5(a).

The government contends that the Speedy Trial Act has not been violated because service of an administrative deportation warrant and lodging a detainer does not constitute a criminal arrest which triggers the 30 day provision of 3161(b).

According to the affidavit of INS Agent Ruben Vela, defendant was first contacted by INS agent Kelly Hoff on April 25, 1990 at MCDC when she learned of his arrest for state drug charges. Defendant was convicted of distributing cocaine in Multnomah County on July 10, 1991 and sentenced to two years probation. On that same date, MCDC sent a teletype to the INS advising them of defendant's conviction and requesting an update on the INS hold. On July 12, 1991, Agent Peterson served an administrative arrest warrant on defendant at the Inverness jail (civil deportation under 8 U.S.C. § 1252). According to Agent Vela, he was unaware of the civil arrest warrant and was unaware of defendant's MCDC custody until September 18, 1991. Another civil deportation arrest warrant was issued on September 19, 1991. Apparently there was some confusion attributed to the number of defendant's aliases and the fact that the INS has four separate alien files for him.

Vela presented the case for prosecution on September 18, 1991. Defendant was indicted on October 17, 1991 and appeared before Judge Juba for arraignment on October 22, 1991.

## DISCUSSION

██ Section 3161(b) requires that an individual must be charged with an indictment or information within 30 days of arrest.

In his motion to dismiss, defendant relies upon *United States v. Okuda,* 675 F.Supp. 1552, 1553 (D.Hawaii 1987). *See also United States v. Osunde,* 638 F.Supp. 171 (N.D.Cal.1986). In *Okuda* the defendant was arrested at the airport by the INS and federal agents for carrying a false passport. He was arraigned 3 days later and indicted 33 days following his arrest at the airport. The government argued that the Speedy Trial Act had not been violated on two grounds: (1) the court should look to the date a defendant was arraigned rather than the date he was arrested; and (2) the defendant was arrested at the airport under INS administrative regulations rather than a criminal charge. The court rejected both arguments and dismissed the indictment. The court reasoned that an INS "administrative" arrest can be analogized to a temporary arrest by state authorities until federal authorities decide to prosecute. *Id.,* at 1555, *citing United States v. Cordova,* 537 F.2d 1073, 1076 (9th Cir. 1976).

However, in *Cordova,* the defendant was arrested by state police for heroin distribution and held in state custody for several months. The state dismissed the indictment for failure to comply with Arizona's

speedy trial rules. After defendant had spent 14 months in state custody, the federal government filed criminal charges based upon the same illegal acts. The Ninth Circuit rejected defendant's double jeopardy arguments *and* held that the state arrest did *not* trigger the federal Speedy Trial Act. *Id.*, at 1075–76.

In addition, in determining the pertinent "date of arrest" the district court in *Okuda* applied a mechanical test, rather than focusing upon the totality of the circumstances. In *United States v. Valentine*, 783 F.2d 1413, 1417 (9th Cir.1986), the court noted that the length of the pretrial period is to be measured from the date of the "federal accusation" which may be effected by "arrest, service of summons *or* indictment." *See also United States v. Redmond*, 803 F.2d 438, 440 n. 7 (9th Cir. 1986) *cert. denied* 481 U.S. 1032, 107 S.Ct. 1963, 95 L.Ed.2d 534 (1987) (Speedy Trial Act may be triggered by federal indictment when defendant is first arrested on state charges). In *Valentine* the court held that although defendant was arrested by state authorities on April 1, 1983 for acts that would ultimately provide the basis for a federal indictment (illegal weapons possession), defendant was not accused by federal authorities until the return of his indictment one year later. The court went on to consider whether a six month delay from indictment to trial was so prejudicial as to violate defendant's Sixth Amendment rights, and determined that it did not. *Id. See also United States v. Manuel*, 706 F.2d 908, 915 (9th Cir.1983) (arrest by tribal authority did not trigger the Speedy Trial Act even though federal authorities were present at the tribal arrest and took part in the investigation as "only a *federal* arrest will trigger the running of the time period set forth in 18 U.S.C. § 3161(b)") (emphasis in original).

I find that the closest analogy to the facts in this case is the situation in *Cordova*. Just as state and federal authorities are considered separate sovereigns, a federal criminal prosecution is distinct from civil INS deportation proceedings. This distinction was noted in *Argiz v. U.S. Immigration*, 704 F.2d 384, 387 (7th Cir.1983) when the court rejected a claim that the provisions of the Speedy Trial Act applied to civil INS deportation proceedings. The court found that the Sixth Amendment and section 3161, its statutory counterpart, provided a guarantee to a right to a speedy trial in *criminal* proceedings only, and thus, because INS deportation proceedings are civil in nature, any violation of the INS detainer provisions would not fall within the Speedy Trial Act. Thus, defendant's argument, based upon the court's analysis in *Osunde*, 638 F.Supp. at 174–177, that the INS will be able to stall proceedings indefinitely without check is misplaced. Application of section 3161 of the Speedy Trial Act is limited to criminal proceedings and the "sanction" of dismissal acts to deter government prosecutors from delay. Although deportation under the section 242 of the Immigration Act provides a penalty which in some cases, may seem more severe than those meted in criminal cases, deportation under section 242 is recognized as civil in nature. To sanction the prosecutors in this criminal case with dismissal for the acts of the INS would be misdirected and would exceed the scope of the Speedy Trial Act.

Based on the foregoing, I find that the administrative arrest warrant for civil deportation did not trigger the federal Speedy Trial Act, and that section 3161 was not triggered under the circumstances in this case until the date of the federal indictment. Thus, I reject the reasoning in *Okuda*.

■ In addition, even if I dismissed the indictment, I would do so *without* prejudice based upon the lack of prejudice to defendant and the absence of any bad faith conduct or motivation on the part of federal authorities which might lead me to find that the administration of justice has been frustrated. *See United States v. Taylor*, 487 U.S. 326, 108 S.Ct. 2413, 2419, 101 L.Ed.2d 297 (1988) (discussing application of 3162(a) factors); *see also United States v. Giambrone*, 920 F.2d 176, 180 (2nd Cir. 1990) (act designed to protect against government circumvention of the Speedy Trial Act); *United States v. Castle*, 906

F.2d 134, 138 (5th Cir.1990) (upheld dismissal where delay was inadvertent and no indication government intended to prejudice defendant); and *United States v. Jones,* 887 F.2d 492, 495 (4th Cir.1989) *cert. denied* 493 U.S. 1081, 110 S.Ct. 1137, 107 L.Ed.2d 1042 (1990) (sanction of dismissal inappropriate where delay unintentional and no evidence of prejudice to defendant).

Although the offense of illegal reentry generally may not be serious in terms of the potential penalty that may be imposed, the defendant in this case may face heightened penalties based upon his prior drug convictions and previous convictions for illegal reentry. Also, there is no evidence in this case of government bad faith which would require a "message" to deter future capricious conduct, nor is there any prejudice to defendant relative to his defense at a trial. Any prejudice traceable to the pretrial detention may be mitigated by giving him credit for time served on the INS detainer if he was not also serving his state sentence at this time. At the hearing on this motion, the government agreed that defendant should receive credit for time served while under the INS detainer. Further, at least part of the delay may be attributed to defendant's own conduct in light of his use of several aliases. Finally, the delay in this case of approximately three months was not so lengthy as to constitute prejudice under the Sixth Amendment. *See United States v. Turner,* 926 F.2d 883, 885 (9th Cir.1991) (four month delay caused by superseding indictment insufficient to demonstrate prejudice); and *Valentine,* 783 F.2d at 1417 (six month delay). Accordingly, I also find that defendant has failed to sustain the "heavy burden" to prove prejudice from pre-indictment delay. *See United States v. Sherlock,* 865 F.2d 1069, 1073 (9th Cir.1989) (prejudice may not be speculative).

## CONCLUSION

Based on the foregoing, I find that the Speedy Trial Act was not triggered by the INS administrative warrant and thus, the indictment in this case is timely. Further, I find that in considering the facts and circumstances in this case including the seriousness of the offense, the nature of the government's conduct, and the impact on the administration of justice, all factors would favor dismissal without prejudice even if I had found that the Speedy Trial Act had been violated. Accordingly, defendant's motion to dismiss is denied.