**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David MEJIA, Defendant–Appellant.**

**No. 00–50535.**

**D.C. No. CR–99–02906–IEG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Submission Deferred June 19, 2001.

Resubmitted April 29, 2002.

Decided April 29, 2002.

Before WARDLAW, PAEZ and TALLMAN, Circuit Judges.

### ORDER

On June 13, 2001, this appeal was taken under submission following oral argument. Because its resolution depended on the outcome of a case then pending before the Ninth Circuit, we withdrew submission of this appeal on June 19, 2001. We now submit this appeal for decision.

### MEMORANDUM *

David Mejia appeals his conviction for importation of marijuana in violation of 21

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

U.S.C. §§ 952 and 960. Mejia entered a conditional guilty plea which reserved his right to appeal the denial of his motion to dismiss the indictment for alleged violations of Federal Rule of Criminal Procedure 5(a). Mejia contends that dismissal is warranted because he was held in federal custody for 13 days before he was brought before a magistrate. Mejia also challenges the constitutionality, following *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), of 21 U.S.C. § 960. We affirm.

The district court's decision refusing to dismiss an indictment for impermissible delay is reviewed for abuse of discretion. *United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir.1995).

The duty to take a detainee before a federal magistrate "without unnecessary delay" arises when a person is arrested for a federal offense. *See* Fed.R.Crim.P. 5(a); *United States v. Alvarez–Sanchez*, 511 U.S. 350, 358, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994). We have observed that authorities "do not have to make a bee line" to the magistrate's office. *Williams v. United States*, 273 F.2d 781, 797 (9th Cir. 1960). In evaluating whether a detention violates Rule 5(a) of the Federal Rules of Criminal Procedure, time spent in state custody may be considered[1] but "[t]he determining factor is not the amount of time elapsing between arrest and confession, but rather the nature of police activities during this period." *Smith v. United States*, 390 F.2d 401, 403 (9th Cir.1968).

The Government does not dispute that Mejia was detained in federal custody for 13 days before being taken before a magistrate. The Government claims, however, that the delay was inadvertent and

occurred because the MCC was being renovated and the Inmate Systems Department was temporarily relocated when Mejia arrived at the detention facility.

In cases where a defendant has made a confession during a period of illegal detention, both we and the Supreme Court have not hesitated to suppress those statements to remedy Government misconduct. *See Mallory v. United States*, 354 U.S. 449, 455–56, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); *United States v. Mayes*, 417 F.2d 771, 772 (9th Cir.1969).

Suppression of incriminating statements is not an option here, however, since Mejia provided a confession at the time of his arrest, after he was advised of his *Miranda* rights, and there is no evidence that authorities interviewed, or even spoke to him, during his 13–day detention in federal custody. Instead, he requests supervisory dismissal of the indictment, relying on *United States v. Osunde*, 638 F.Supp. 171 (N.D.Cal.1986). The defendant in *Osunde* had been in continuous federal custody for 106 days before he was brought before a magistrate and advised of the charges against him. *Id.* at 173. Finding this to be "a grossly unnecessary delay," the court dismissed the indictment (which charged Osunde with relatively minor criminal passport violations) despite the paucity of case law in this Circuit supporting dismissal. *Id.* at 176.

The delay experienced by Mejia was unnecessary and constitutes a Rule 5(a) violation. Even where a detention has violated Rule 5(a), however, we have declined to remedy the situation where no incriminating evidence was obtained during the delay. *See Bayless v. United States*, 381

---

of this circuit except as may be provided by 9th Cir. R. 36–3.

**1.** Mejia spent 4 days in state custody before being transferred to the Metropolitan Correc-

tional Center ("MCC") and was incarcerated a total of 17 days before he saw a magistrate.

F.2d 67, 70–71 (9th Cir.1967) (assuming 4–month delay between arrest and presentation before judicial authority was a Rule 5(a) violation, motion to dismiss indictment properly denied where no admissions or confession obtained during the delay).

Mejia has failed to demonstrate that the circumstances of his detention require "the drastic remedy" of dismissal. *United States v. Jernigan*, 582 F.2d 1211, 1214 (9th Cir.1978). Though reprehensible, a 13–day delay is relatively short compared to the 106 days Osunde languished in detention. The district court did not abuse its discretion by denying the motion to dismiss.

Mejia argues also that we must reverse his conviction because 21 U.S.C. § 960 is unconstitutional in light of the Supreme Court's ruling in *Apprendi*. Pursuant to our recent opinion in *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir. 2002), we reject this claim.

AFFIRMED.