Edward KROCK, Defendant, Appellant,

v.

ELECTRIC MOTOR & REPAIR COMPANY, Inc., Plaintiff, Appellee.

No. 6378.

United States Court of Appeals First Circuit.

Heard Nov. 4, 1964.

Decided Dec. 14, 1964.

Francis W. Conlin, Worcester, Mass., with whom Conlin & Wolfson, Worcester, Mass., was on brief, for appellant.

Frank L. Kozol, Boston, Mass., with whom Charles G. Kadison, Jr., Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This appeal from the denial of a motion for a new trial raises a number of practice questions. In November 1961 Electric Motor & Repair Co., Inc., a nonresident corporation whose principal, and apparently only place of business was in North Carolina, hereafter plaintiff, brought suit in the district court against Edward Krock, a resident citizen, hereafter defendant. The complaint alleged breach of a contract to sell a number of secondhand electric motors, and, as damages, sought to recover lost profits. The case was tried to a jury in June 1963, and resulted in a substantial verdict for the plaintiff. Plaintiff's evidence of lost profits consisted of uncorroborated oral testimony of one Ward, its principal officer, that he had completed sales agreements of the undelivered motors with a number of customers all over the country. On appeal, we affirmed, Krock v. Electric Motor & Repair Co., Inc., 1 Cir., 1964, 327 F.2d 213. Defendant's petition for certiorari was denied on May 18, 1964, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298.

█ On May 24 defendant moved for a new trial. The affidavits filed in support were directed solely to Ward's testimony, endeavoring to show that a ma-terial portion was untruthful. The district court, pursuant to the practice presumably followed generally prior to our decision in Wilson Research Corp. v. Piolite Plastics Corp., 1 Cir., 1964, 336 F.2d 303, holding that after mandate of the court of appeals an application for leave to file a motion for new trial must be made to that court, considered the motion on the merits, and, in a memorandum decision, denied it.[1] It gave two grounds, lack of diligence, and lack of merit. Either would have been sufficient, if sound, had the court power to pass on the motion. Defendant appeals.

With respect to lack of diligence the court stated that the defendant was on notice of the nature of the plaintiff's claim, and could have ascertained the substance of Ward's testimony in advance of trial if he had made full use of discovery procedures, which he failed to do. From this the court concluded that by further investigation before trial defendant could have ascertained the errors in this testimony. Hence "defendant failed to use due diligence to discover before trial the evidence he now claims to have discovered."

It is, of course, true that the federal pretrial discovery procedures are available for use, and conceivably in some particular case—we express no opinion in this one—failure to pursue them would be negligence on the part of counsel. But to determine, as the court apparently did, that neglect gives the other party carte blanche to introduce testimony that is mistaken or worse, insulated from any further proceedings, would be to accept an evil far graver than waste of the court's or litigant's time. Rather than the district court's position being "incontrovertibly" correct, as plaintiff would

---

1. While we have not passed on the procedure for motions for new trial filed after an appeal has been taken, but before mandate, except to hold that the district court lacks jurisdiction at that stage to allow them, Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289, in other circuits the practice is to permit such motions to be filed in the district court without leave, and if the dis-trict court considers the motion favorably it can then ask that the case be remanded. Smith v. Pollin, 1952, 90 U.S. App.D.C. 178, 194 F.2d 349; Ferrell v. Trailmobile, Inc., 5 Cir., 1955, 223 F.2d 697; Binks Mfg. Co. v. Ransburg Electro-Coating Corp., 7 Cir., 1960, 281 F. 2d 252; Ryan v. United States Lines Co., 2 Cir., 1962, 303 F.2d 430. The postmandate situation is different.

have us believe,[2] we think it would establish a principle the far reaching consequences of which we would find hard to support.[3]

■ The only cases of moment cited by the plaintiff are Toledo Scale Co. v. Computing Scale Co., 1923, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719, and Stiers v. Martin, 4 Cir., 1960, 277 F.2d 737. They furnish no precedent for the court's decision. In each of these cases the defendant was on full notice before trial of a single piece of evidence or claim upon which the case depended, and could have acted directly to test its accuracy. We see a substantial difference between that and a general duty to ascertain suchever evidence as plaintiff might offer by way of damages for failure to deliver a quantity of goods. It may be wondered to what extent defendant could expect that plaintiff had been so forehanded as to make specific contracts for the resale of undelivered motors which, admittedly, could not be resold without extensive rebuilding. In any event, defendant could hardly have anticipated that he would be met with the suspicious circumstances of testimony of a large number of such agreements uncorroborated by a single piece of writing. Even if the court's principle might be applicable in certain limited cases, we would not so regard this one.

■■ Both parties request that we consider the substance of the motion; the defendant, on the ground that although he filed the motion in the wrong court, we should consider his appeal as in effect a request to us for leave to file. The plaintiff goes further, and urges if we now permit the district court to pass on the motion as we did in Piolite, that we regard what it has already done, as, in effect, a *tunc pro nunc* ruling. In other words, we should affirm the court's other ground of decision if it was tenable. Cf. Tribble v. Bruin, 4 Cir., 1960, 279 F.2d 424. We do not reach plaintiff's suggestion, as we find no sufficient merit in defendant's motion. At the trial Ward testified to some thirty allegedly completed sales agreements frustrated by defendant's failure to perform. Only one of these transactions was directly contradicted by any of defendant's affidavits. This affidavit was plausibly and credibly countered by a reply affidavit and a confirming document. Defendant's other affidavits might have furnished support, or at least color, for the principal one, but standing by themselves they do not make the strong showing necessary to obtain a new trial. In fact we wonder if had plaintiff not voiced so much criticism of defendant's alleged lack of diligence, and had concentrated on the motion's lack of substance, whether this appeal would have been taken.

Treating this appeal as an application to this Court for leave to file a motion in the District Court for a new trial by reason of newly discovered evidence, an order will be entered denying such leave; and judgment will be entered vacating the order of the District Court, denying the motion for new trial, for want of jurisdiction.

2. Plaintiff is as vocal about defendant's alleged delay as it is silent about its own failure to bring suit for nearly six years.

3. We might take notice of the fact that the federal discovery rules are sometimes criticized as affording an opportunity for rich or vexatious parties to harass their opponents. In practice it is our observation that this objection is much more theoretical than real. But surely if a party were compelled to ascertain in advance the testimony that might be introduced against him at the cost of being irretrievably bound by whatever was offered if he did not, and thus face perjury introduced without fear of consequences so far as the suit was concerned (except possibly in cases involving the public interest, Hazel-Atlas Glass Co. v. Hartford-Empire Co., 1944, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250), the resulting burden upon both parties to exhaust all pre-trial remedies in order to anticipate this might well be intolerable.