**In re Helen M. COSTELLO, Debtor.**

**Bankruptcy No. 88–4945–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 24, 1990.

Jeffrey Warren, Tampa, Fla., for debtor.

Michael S. Drews, Sarasota, Fla., for Madeline Sheila Galvin.

Daniel A. Medeiros, Sarasota, Fla.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case, and the matter under consideration is a Motion for Summary Judgment filed by Madeline Sheila Galvin (Galvin) regarding the Debtor's Objection to the amended proof of claim filed by Galvin. The Court has considered the Motion, together with the record, and finds the facts relevant to a resolution of this matter to be as follows:

On December 22, 1989, Galvin, an unsecured creditor, filed an amended proof of claim in the amount of $45,488.33. The claim is based on legal services rendered to the Debtor pursuant to a written fee contract. The contract (Exh. No. 1 to the amended claim) shows that the Debtor, at that time known as Helen Testo, agreed to compensate Galvin for her legal services rendered at the rate of $75 per hour for office time and $125 for court time. The amended claim was accompanied by a detailed description of services and time sheets (Exh. No. 2).

Post-confirmation, the Debtor objected to the claim contending that Galvin is not entitled to an allowance of the claim in any amount in that her entitlement to any payment depended on her success to obtain the financing for the restoration of certain properties owned by the Debtor and located in the State of New York. To support her objection, the Debtor relies solely on the deposition testimony of one Theodore Kondoprias and Joseph Sabatino, neither of which have any personal knowledge of the facts relevant to the validity vel non of the claim filed by Galvin. The closest testimony that might shed some light on the real issue, that is, the contingency nature of the arrangement between the Debtor and Galvin, is a statement by Joseph Sabatino that "everybody would be paid *after* the funding was in place." However, it should be noted that in his deposition on Page 41, Sabatino also stated that Galvin never indicated that she would not get paid and, as a matter of fact, this matter was never discussed at meetings which dealt with the proposition of the funding of the project.

Lastly, Sabatino stated on Page 44 in his deposition that it was his understanding that the right of Galvin to receive payment was not dependent on funding, but was simply a matter of delay in payment since at that time cash was not available. In the deposition of Theodore Kondoprias, Kondoprias stated that it was his understanding that no one would receive payment until such time as financing was approved for the project.

Based on the foregoing, this Court is satisfied that having considered the record and argument of counsel, that the Debtor's objection to Galvin's claim should be overruled and that there are no genuine issues of material fact, and Galvin is entitled to resolve this controversy in her favor as a matter of law. Further, having considered the description of services accompanying the amended claim, it is clear that the time charged was reasonable and proper and the hourly rate is more than reasonable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Madeline Sheila Galvin be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Objection of the Debtor to Claim No. 27 be, and the same is hereby, overruled, and the claim is allowed as a

general unsecured claim in the amount of $45,488.33.

DONE AND ORDERED.