In re Helen M. COSTELLO, Debtor.

Bankruptcy No. 88–4945–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 24, 1992.

David Steen, Tampa, Fla., for debtor.

Michael S. Drews, U.S. Trustee, Sarasota, Fla., for Madeline Sheila Galvin.

## ORDER ON MOTION TO RECONSIDER ORDER ALLOWING CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case commenced by a voluntary Petition filed by Helen M. Costello (Debtor) on August 24, 1988. The Plan of Reorganization filed by the Debtor was amended several times and was ultimately confirmed on October 23, 1989.

The Motion under consideration is directed to a previous Order of this Court entered September 24, 1990. 119 B.R. 847. The Order granted a Motion for Summary Judgment filed by Madeline Sheila Galvin (Galvin) in a contested matter which involved the Debtor's objection to the Amended Proof of Claim filed by Galvin, and allowed the claim in the amount of $45,488.33. On October 4, 1990, the then-counsel for the Debtor filed a Motion for Rehearing. The Motion was heard in due course and on October 24, 1990, this Court entered an Order and denied the Motion for Rehearing. No notice of appeal was filed from either the original Order entered September 24, 1990, which allowed Claim # 27 of Galvin, or from the Order entered October 24, 1990, which denied the Motion for

Rehearing. The present Motion under consideration was filed on November 1, 1991, or more than one year after the entry of the Order which denied the first Motion for Rehearing.

The original Order on the Motion for Summary Judgment concluded that the record supported the proposition that the arrangement between Galvin and the Debtor was an employment of a professional; that the employment was not on a contingency basis; that Galvin, who is an attorney, was entitled to get paid regardless of any event which might occur later, in this instance, funding of some reconstruction of properties owned by the Debtor; and that the amount sought was reasonable for the services rendered.

Based on the record, this Court concurred that the claim filed by Galvin was proper and should be allowed as a general unsecured claim in the amount of $45,-488.33. The dividend on the claim of Galvin, like on the claims of other unsecured creditors, was to be paid in annual installments. The fact of the matter is that the Debtor did pay the first installment on all unsecured allowed claims including on the claim of Galvin. However, before the second installment became due, the Debtor filed this Motion for Rehearing alleging that Galvin's claim should be set aside and the Debtor should be given an opportunity to establish, on the basis of newly-discovered evidence, that the Debtor never agreed to pay Galvin anything for her services unless the funding for a certain reconstruction project was obtained. Of course, pending the resolution of this Motion, the second installment on Galvin's claim was not paid. In this connection, it should also be pointed out that the Plan of Reorganization was, in fact, consummated in that all creditors whose claims were allowed received a promissory note and ultimately a mortgage securing the obligations represented by those notes. Galvin also received her note and mortgage.

It is the contention of the Debtor that she has now obtained an affidavit from the former secretary of Galvin, which affidavit is supposed to indicate that in early 1984, while she was employed by Galvin as a secretary, she received three blank sheets of paper with the signature of the Debtor on same and she did not type any of the text above the signature which was the contract of employment of Galvin by the Debtor. According to the present counsel of the Debtor, this Court erred in granting the Motion for Summary Judgment because there were general issues of material fact.

In opposition to the motion, counsel for Galvin contends that the record which was before this Court when the Motion for Summary Judgment was heard clearly indicated and left no doubt that Galvin had a valid contract which was not conditioned on any specific future event; that at no time did the Debtor raise the issues that the contract typed on a blank sheet of paper was, in fact, forged; and that the Debtor never stated or otherwise contended that a fee contract had been written on a blank sheet of paper signed by the Debtor.

The Court has again considered the entire record and is satisfied that the Motion for Reconsideration filed by the Debtor is without merit and should be denied for the following reasons:

■ First, this record leaves no doubt that the Motion under consideration was untimely, notwithstanding § 502(j) of the Bankruptcy Code, which technically permits reconsideration of the allowance or disallowance of any claim so long as the case is open for "cause." As noted earlier, neither the original Order granting the Motion for Summary Judgment nor the original Motion for Rehearing was ever challenged by appeal, and it was not until more than one year after entry of the Order that the present Motion was filed. The Fifth Circuit Court of Appeals considered an almost identical case in the case of *Matter of Colley*, 814 F.2d 1008 (5th Cir.1987). Judge Jones, speaking for the court, stated that while a Bankruptcy Court has the power to reconsider the allowance or disallowance of a claim for cause by virtue of § 502(j) and Bankruptcy Rule 3008, the Court's discretion should not encourage parties to avoid the usual rules for finality of contested matters. *Id.* at 1010.

■ Bankruptcy Rule 9024 deals with relief from judgments or orders. This rule

incorporates Federal Rule of Civil Procedure 60 with the exception, *inter alia,* that it does not contain the one-year limitation included in F.R.C.P. 60(b). However, notwithstanding the provisions of § 502(j) and of Bankruptcy Rule 3008, when the allowance of a claim has in fact, been litigated, the litigants cannot seek reconsideration of the Bankruptcy Court's determination pursuant to the recognized standard of Rule 60, if they elect not to pursue a timely appeal of the original Order allowing or disallowing the claim. *Colley, supra,* at 1010. Thus, if a Motion for Reconsideration is nothing more than a rehash of the original Objection to Claim, absent an allegation of fraud, newly-discovered evidence which is material, mistake, or excusable neglect, the Motion cannot be considered favorably. There was no allegation in the original Motion for Reconsideration directed to the Order which overruled the Objection by the Debtor to Galvin's claim and allowed Galvin's claim of any fraud, material mistake, excusable neglect or newly-discovered evidence.

■ Although the current Motion under consideration alleges, albeit not directly, that the relief sought is based on newly-discovered evidence, the Debtor has failed to satisfy the requirements of Rule 60(b). To obtain relief from an Order based on newly-discovered evidence, the Motion must allege in part that the new evidence was not and could not have been discovered at the time of the original proceeding, *Corex Corp. v. U.S.,* 638 F.2d 119 (9th Cir. 1981), and that the new evidence would likely lead to a materially different outcome. *Krock v. Elec. Motor & Repair Co.,* 339 F.2d 73 (1st Cir.1964). There is no allegation in the Motion that such evidence could not have been obtained when the Objection to the claim of Galvin was originally considered or when the first Motion for Reconsideration was filed as required by Rule 60(b). Moreover, there is no allegation that if the newly-discovered evidence had been available, it would have caused a materially different outcome of this contested matter.

One last comment. There is no rhyme nor reason why this Chapter 11 case is still open. The notes have been issued, mortgages have been executed, and theoretically this case should have been closed almost one year ago. As the Fifth Circuit noted in *Colley, supra,* at 1009, old bankruptcy cases, like old soldiers, never die. This Court will attempt to put this one to rest just as the court did in *Colley.* For this reason, it is appropriate to direct the counsel for the Debtor to forthwith file a Certificate of Substantial Consummation in order for this Court to enter a Final Decree, pursuant to Bankruptcy Rule 3022, closing the case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration of Order Allowing Claim be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that counsel for the Debtor shall forthwith file a Certificate of Substantive Consummation, and the Court will promptly enter a Final Decree closing the Chapter 11 case.

DONE AND ORDERED.