**In re BANCROFT CAP COMPANY,**
**Debtor.**

**Bankruptcy No. 93–41058M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Feb. 24, 1995.

Charles W. Baker, Rose Law Firm, P.A., Little Rock, AR, for Bower & Bonanno Co.

Kimberly W. Tucker, Wright, Lindsey & Jennings, Little Rock, AR.

Charles W. Tucker, U.S. Trustee, Little Rock, AR.

## ORDER

JAMES G. MIXON, Chief Judge.

On May 17, 1993, Bancroft Cap Company (Debtor) filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. Bower and Bonanno Co. (Bonanno) was listed in schedule F as a creditor holding an unsecured nonpriority claim of $10,500.00. On October 13, 1993, Bonanno filed claim No. 77 as a general unsecured claim for $55,765.00.

On December 14, 1993, an order was entered confirming a plan of reorganization. Article 3.08 of the plan created a class which contained "[t]he Allowed General Unsecured Claims against the Debtor that are not otherwise classified under the Plan." Bonanno is not otherwise classified in the plan, therefore, its claim is in Class 8. Paragraph 4.08 of the plan described the treatment of Class 8, general unsecured claims. In general, the plan requires the Debtor to make twenty quarterly payments of $15,000.00 in escrow and payments are to be distributed pro rata to the holders of Class 8 claims commencing on the first anniversary of the effective date of the plan. The evidence in the record is that distributions have not yet been made to Class 8.

Article 9 of the plan deals with the procedures for the resolution of disputed claims. Paragraphs 9.01 and 9.02 provide as follows:

9.01 The Reorganized Debtor has the right and responsibility to object to and to contest the allowance of any Claims filed with the Court.

9.02 Objections to Claims must be filed with the Court and served upon the Claimant prior to the expiration of ninety (90) days from the Effective Date, otherwise such Claim shall be deemed allowed in accordance with Section 50[2] of the Bankruptcy Code, unless an extension of such time period is sought by the Reorganized Debtor; however, objections to Claims arising from the rejection of any Executory Contract shall be made within thirty (30) days of the last day to file such Claims.

On September 22, 1994, the Debtor filed a motion pursuant to 11 U.S.C. § 502(j) (1988) and Bankruptcy Rule of Procedure 3008 to reconsider and disallow Bonanno's claim. Bonanno filed a response objecting to the Debtor's motion because the Debtor did not file an objection to its claim within the ninety-day period provided for in the plan.

## DISCUSSION

Section 501(a) provides in part that "[a] creditor ... may file a proof of claim." 11 U.S.C. § 501(a) (1988). Section 1111(a) provides that "[a] proof of claim ... is deemed filed under section 501 of this title for any claim ... that appears in the schedules filed under section 521(1)[1] ... except a claim ... that is scheduled as disputed, contingent, or unliquidated." 11 U.S.C. § 1111(a) (1988). Bankruptcy Rule 3003(c)(4) provides "[a] proof of claim ... executed and filed in accordance with this subdivision shall supersede any scheduling of that claim ... pursuant to section 521(1) of the Code." Fed. R.Bankr.P. 3003(c)(4).

Section 502(a) provides in part "[a] claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a) (1988). Bankruptcy Rule 3007 governs the procedure for filing objections to claims and does not provide any period of limitation within which an objection must be made. The Debtor does not dispute that it failed to object to Bonanno's claim within the ninety-day time limit set by paragraph 9.02 of the plan. Since no objection to Bonanno's claim was made, it became an allowed unsecured claim of $55,765.00 pursuant to the combined effect of the provisions of 11 U.S.C. § 502(a) (1988) and the provisions of the Debtor's confirmed plan. The merits of Bonanno's claim have never been considered by the Court, and no order specifically allowing the claim has been entered.

 The court has discretion to decide whether to reconsider a claim that has been allowed or disallowed. *Halverson v. Cameron (In re Mathiason)*, 16 F.3d 234, 239 (8th

Cir.1994); 3 *Collier on Bankruptcy* ¶ 502.10 (Lawrence P. King ed., 15th ed. 1994). Most cases considering a motion to reconsider a claim do so in situations where a separate order adjudicating the claim has been entered. The case law appears to require a movant under 11 U.S.C. § 502(j) (1988) to meet the requirements of Federal Rule of Civil Procedure 60(b), which is made applicable to bankruptcy cases pursuant to Bankruptcy Rule of Procedure 9024. *See Ohio v. H.R.P. Auto Ctr., Inc. (In re H.R.P. Auto Ctr., Inc.)*, 130 B.R. 247, 255 (Bankr. N.D.Ohio 1991); *Bunn v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 137 B.R. 811, 818 (D.Colo.1992). Rule 60(b) provides in relevant part that "the court may relieve a party ... from a final judgment, [or] order, for ... (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). *See In re Tygart Indus., Inc.*, 139 B.R. 145, 146 (W.D.Pa.1991); *In re Costello*, 136 B.R. 296, 299 (Bankr.M.D.Fla. 1992).

However, cases imposing the Rule 60(b) requirement on 11 U.S.C. § 502(j) (1988) motions do not involve the situation present in this case. Here, the creditor's claim was allowed by the combined effect of 11 U.S.C. § 502(a) (1988) and the provisions of Debtor's plan, and not by an order of the court. In cases where no order adjudicating a claim has been entered, courts rely on the provisions of 11 U.S.C. § 502(j) (1988). Section 502(j) provides that a "claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j) (1988). *See In re Cadillac Wildwood Dev. Corp.*, 138 B.R. 854, 861 (Bankr.W.D.Mich.1992). Cause for reconsideration has been described to include "discovery, subsequent to prior allowance, of new facts or evidence to support facts that could not have been discovered at an earlier stage, or the discovery of clear errors in the order of allowance." 3 *Collier on Bankruptcy* ¶ 502.10, at 502–107 (Lawrence P. King ed., 15th ed. 1994). The

---

1. 11 U.S.C. § 521(1) (1988) provides that the debtor shall file a list of creditors and other schedules.

Debtor, in substance, alleges in its motion that Bonanno's claim should be reconsidered and disallowed because the claim includes charges for services that were not rendered and is excessive for the services rendered.

■ In this case, the plan has created a statute of limitations for objecting to claims where one did not exist under the Bankruptcy Code.[2] Confirmation of a chapter 11 plan binds the debtor and all creditors of the debtor to the terms of the plan. 11 U.S.C. § 1141(a) (1988). *See Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.),* 67 B.R. 899, 905 (Bankr.E.D.Tenn. 1986). An order confirming a chapter 11 plan from which there is no appeal is generally regarded as an order entitled to full faith and credit by other courts and is res judicata as to all questions pertaining to such plan which were raised or could have been raised. *See Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1052 (5th Cir.1987); *Sanders v. GIAC Leasing Corp. (In re Sanders),* 81 B.R. 496, 498 (Bankr.W.D.Ark.1987).

Section 502(j) must be read in the context of the Bankruptcy Code. Under the Code, claims can be allowed without benefit of a court order, and no period of limitations exist for filing a motion to reconsider a claim allowed by court order or by operation of law. Here, however, the Debtor's plan eliminated the Debtor's right to seek relief under 11 U.S.C. § 502(j) (1988) after the expiration of the ninety-day period of limitation.[3] The order confirming the Debtor's plan is binding on the parties and, under the principles of res judicata, the Debtor cannot now object to Bonanno's claim.

Therefore, the Debtor's motion to reconsider Bonanno's claim is denied.

IT IS SO ORDERED.

---

**2.** Paragraph 9.02 provides that objections to claims must be filed within ninety days from the effective date of the plan.

**3.** It is not necessary for the Court to decide whether the inclusion of the ninety-day limitation

---

provision was appropriate under bankruptcy law because the principles of res judicata bar the relitigation of this issue. *Stoll v. Gottlieb,* 305 U.S. 165, 172, 59 S.Ct. 134, 137–38, 83 L.Ed. 104 (1938).